**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ADISCOV, L.L.C. | § | |
| | § | |
| Plaintiff | § | |
| | § | Case No. 2:07-cv-280-DF |
| v. | § | |
| | § | |
| KROLL ONTRACK, INC. , ENGENIUM | § | |
| CORPORATION, & INTERLEGIS, Inc. | § | |
| | § | |
| Defendants | § | |
| | § | |

**DEFENDANT KROLL ONTRACK, INC.'S ANSWER AND COUNTERCLAIMS TO
PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Kroll Ontrack, Inc. ("Kroll") hereby answers Plaintiff Adiscov, L.L.C.'s

Original Complaint as follows:

## I.  ANSWER

### THE PARTIES

1.      Kroll is without sufficient knowledge or information to form a belief as to the

truth or accuracy of the allegations set forth in Paragraph 1, and therefore denies the same.

2.      Kroll admits that it is a corporation organized under the laws of the State of

Minnesota, that it is doing business in Texas, that has a principal place of business at 9023

Columbine Road, Eden Prairie, Minnesota 55347, and that it may be served with process by

serving its registered agent, Corporation Service Company d/b/a CSC - Lawyers Incorporating

Service Company at 701 Brazos Suite 1050, Austin, Texas 78701.

3.      Kroll admits that Engenium Corporation ("Engenium") is a corporation organized

under the laws of the State of Texas, that it is doing business in Texas, that it has a principal

place of business at 14901 Quorum Drive, Suite 810, Dallas, Texas 75254, and may be served

with process by serving its registered agent, David Chaplin, 14901 Quorum Drive, Suite 810, Dallas, Texas 75254.

4.      Kroll is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 4, and therefore denies the same.

## JURISDICTION & VENUE

5.      Kroll admits the allegations set forth in Paragraph 5, but denies that Plaintiff is entitled to relief under Titles 28 or 35 of the United States Code.

6.      Kroll denies that it transacts business in the Eastern District of Texas by manufacturing, using, selling, or offering to sell products as described and claimed in U.S. Patent No. 6,738,760, the patent at issue in this lawsuit.  Kroll admits that it conducts other business in the Eastern District of Texas.

7.      Kroll denies that Engenium transacts business in the Eastern District of Texas by manufacturing, using, selling, or offering to sell products as described and claimed in U.S. Patent No. 6,738,760, the patent at issue in this lawsuit.  Kroll denies that Engenium conducts other business in the Eastern District of Texas

8.      Kroll is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 8, and therefore denies the same.

9.      Kroll admits that venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b) with regard to Kroll, but avers that the Eastern District of Texas is an inconvenient forum.  Kroll denies that venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b) with regard to Engenium. Kroll lacks sufficient information regarding the residency and activities of the other defendant to form a belief regarding whether venue is proper with regard to the other defendant.  Kroll therefore denies those allegations.

## PATENT INFRINGEMENT COUNT

10.     Kroll currently lacks knowledge or information sufficient to form a belief as to the alleged due and legal issuance of U.S. Patent No. 6,738,760 ("the '760 patent"), and therefore denies the same.

11.     Kroll admits the allegation set forth in Paragraph 11.

12.     Kroll is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 12, and therefore denies the same.

13.     Kroll admits that it manufactures, uses, and sells legal discovery software and services, but denies each of the remaining allegations set forth in Paragraph 13.

14.     Kroll admits that Engenium manufactures, uses, and sells software and services, but denies each of the remaining allegations set forth in Paragraph 13.

15.     Kroll is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 15, and therefore denies the same.

16.     Kroll denies the allegations set forth in Paragraph 16 relating to Kroll and Engenium.  Kroll is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations relating to the other defendants, and therefore denies the same.

## DEMAND FOR JURY TRIAL

17.     Paragraph 17 does not include any allegation to which Kroll must respond.

## PRAYER FOR RELIEF

Kroll denies that Plaintiff is entitled to be awarded any of the relief sought in its prayer for relief against Kroll or Engenium.  Plaintiff's prayer for relief with regard to Kroll and Engenium should, therefore, be denied in its entirety and with prejudice, and Plaintiff should

take nothing.  With respect to the other defendant, Kroll is without sufficient information to form a belief as to whether Plaintiff is entitled to the relief sought and, on that basis, denies the same.

## II.  AFFIRMATIVE DEFENSES

Kroll pleads the following affirmative defenses to the Original Complaint:

### FIRST AFFIRMATIVE DEFENSE

18.      Plaintiff's Original Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

19.      Kroll has not infringed (literally or by equivalents) any valid or enforceable claim of the '760 patent.

### THIRD AFFIRMATIVE DEFENSE

20.      The claims of the '760 patent are invalid because the claims and/or specification of the '760 patent fail to comply with the statutory requirements of one or more provisions of Title 35 of the United States Code, including §§ 101, 102, 103, and 112.

### FOURTH AFFIRMATIVE DEFENSE

21.      By reason of proceedings in the United States Patent & Trademark Office addressed to the applications that matured into the '760 patent, and by reasons of the statements, admissions, and/or amendments made by the applicant or on the applicant's behalf, Plaintiff is estopped from construing any valid claim of the '760 patent to cover any Kroll product that is alleged to infringe the '760 patent.

22.      Plaintiff's claims of alleged infringement of the '760 patent are barred, in whole or in part, under the doctrine of laches, estoppel, waiver and/or unclean hands.

## RESERVATION OF AFFIRMATIVE DEFENSES

23.     Kroll reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery or further factual investigation in this case.

## III.  COUNTERCLAIMS

## FACTS RELEVANT TO ALL COUNTERCLAIMS

24.     Kroll hereby incorporates by reference Paragraphs 1-23 of its Answer and Affirmative Defenses above.

25      Kroll is a corporation organized under the laws of the State of Minnesota and it has a principal place of business at 9023 Columbine Road, Eden Prairie, Minnesota 55347.

26.     On information and belief, Plaintiff is a Virginia Limited Liability Corporation with its principal place of business at 412 E. Columbia St., Falls Church, VA 22046.

27.     These Counterclaims arise under 28 U.S.C. §§ 2201 and 2202, and this Court has subject matter jurisdiction under 28 U.S.C. § 1338(a).  There is an actual justiciable controversy under the Declaratory Judgment Act between Kroll and Plaintiff concerning the alleged infringement, validity, scope, and enforceability of the '760 patent.

28.     Although the Eastern District of Texas is an inconvenient forum, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## FIRST COUNTERCLAIM: NON-INFRINGEMENT

29.     Plaintiff's Original Complaint alleges that Kroll is infringing the '760 patent.

30.     Kroll has not infringed (literally or by equivalents) any valid or enforceable claim of the '760 patent.

## SECOND COUNTERCLAIM: INVALIDITY

31.     The claims of the '760 patent are invalid because the claims and/or specification of the '760 patent fail to comply with the statutory requirements of one or more provisions of Title 35 of the United States Code, including §§ 101, 102, 103, and 112.

## THIRD COUNTERCLAIM: EXCEPTIONAL CASE

32.     This action qualifies as an exceptional case, supporting an award of reasonable attorney fees, costs, and expenses for Kroll against Plaintiff pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Kroll prays this Court enter judgment against Plaintiff and in Kroll's favor.

A.     Dismissing the Complaint with prejudice;

B.     Declaring claims of the '760 patent invalid;

C.     Declaring that Kroll does not infringe any valid claim of the '760 patent;

D.     Awarding Kroll its costs and attorney fees pursuant to 35 U.S.C. § 285;

E.     Awarding Kroll such other relief that the Court deems just and proper.

DAL01:979042.1

Dated: October 17, 2007                    Respectfully submitted,

                                           By:/s/  Jeff Baxter
                                               Jeff Baxter
                                               Texas State Bar No. 24006816
                                               BAKER BOTTS L.L.P.
                                               2001 Ross Avenue
                                               Dallas, Texas 75201
                                               Telephone:  (214) 953–6791
                                               Facsimile:  (214) 953–4791
                                               Email:  jeff.baxter@bakerbotts.com

                                               Paul Ragusa
                                               BAKER BOTTS L.L.P.
                                               30 Rockefeller Plaza
                                               New York, New York 10112–4498
                                               Telephone:  (212) 408–2501
                                               Facsimile:  (212) 632–3800
                                               Email:  paul.ragusa@bakerbotts.com

                                               Lance Lee
                                               wlancelee@aol.com
                                               THE LAW OFFICES OF YOUNG, PICKETT
                                               & LEE
                                               4122 Texas Boulevard
                                               P.O. Box 1897
                                               Texarkana, TX 75504

                                               **ATTORNEYS FOR DEFENDANT
                                               KROLL ONTRACK INC.**


## CERTIFICATE OF SERVICE

        I hereby certify that the foregoing document was filed electronically in compliance with
Local Rule CV-5(a).  As such, the foregoing document was served on all counsel who are
deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Federal
Rule of Civil Procedure 5 and Local Rule CV-5(d), all other counsel of record not deemed to
have consented to electronic service were served with a true and correct copy of the foregoing
document by facsimile on this 17th day of October, 2007.


                                           /s/  Jeff Baxter
                                           Jeff Baxter