**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **ADISCOV, L.L.C.** | § | |
|     **Plaintiff,** | § | |
| | § | |
| v. | § | **CAUSE NO. 2:07-CV-00280-DF** |
| | § | |
| **KROLL ONTRACK, INC.,** | § | |
| **ENGENIUM CORPORATION, AND** | § | |
| **INTERLEGIS, INC.** | § | **JUDGE DAVID J. FOLSOM** |
|     **Defendants.** | § | |

**DEFENDANT ENGENIUM CORPORATION'S
ORIGINAL ANSWER TO PLAINTIFF ADISCOV, L.L.C.'S COMPLAINT, AND
<u>COUNTERCLAIM AGAINST ADISCOV, L.L.C.</u>**

Defendant Engenium Corporation ("Engenium") files this Original Answer to Plaintiff Adiscov, L.L.C. ("Adiscov")'s Complaint, and Counterclaim Against Adiscov.

**THE PARTIES**

1. Defendant Engenium is without sufficient knowledge and information to form a belief as to the truth of the averments contained in paragraph 1 of Plaintiff's Complaint. Defendant Engenium therefore denies those averments.

2. Defendant Engenium is without sufficient knowledge and information to form a belief as to the truth of the averments contained in paragraph 2 of Plaintiff's Complaint. Defendant Engenium therefore denies those averments.

3. Defendant Engenium admits the averments contained in paragraph 3 of Plaintiff's Complaint.

4. Defendant Engenium is without sufficient knowledge and information to form a belief as to the truth of the averments contained in paragraph 4 of Plaintiff's Complaint. Defendant Engenium therefore denies those averments.

## JURISDICTION AND VENUE

5. Defendant Engenium admits the averments contained in paragraph 5 of Plaintiff's Complaint.

6. Defendant Engenium is without sufficient knowledge and information to form a belief as to the truth of the averments contained in paragraph 6 of Plaintiff's Complaint. Defendant Engenium therefore denies those averments.

7. Defendant Engenium denies the averments contained in paragraph 7 of Plaintiff's Complaint.

8. Defendant Engenium is without sufficient knowledge and information to form a belief as to the truth of the averments contained in paragraph 8 of Plaintiff's Complaint. Defendant Engenium therefore denies those averments.

9. Defendant Engenium denies the averments contained in paragraph 9 of Plaintiff's Complaint.

## PATENT INFRINGEMENT COUNT

10. Defendant Engenium admits that United States Patent No. 6,738,760 ("the '760 patent"), entitled *Method and System for Providing Electronic Discovery on Computer Databases and Archives Using Artificial Intelligence to Recover Legally Relevant Data* was issued on May 18, 2004, and that a true and correct copy of the '760 patent was attached to Plaintiff's Complaint as Exhibit A. Defendant Engenium denies the remaining averments contained in paragraph 10 of Plaintiff's Complaint.

11. Defendant Engenium admits the averments contained in paragraph 11 of Plaintiff's Complaint.

12. Defendant Engenium is without sufficient knowledge and information to form a belief as to the truth of the averments contained in paragraph 12 of Plaintiff's Complaint. Defendant Engenium therefore denies those averments.

13. Defendant Engenium is without sufficient knowledge and information to form a belief as to the truth of the averments contained in paragraph 13 of Plaintiff's Complaint. Defendant Engenium therefore denies those averments.

14. Defendant Engenium denies the averments contained in paragraph 14 of Plaintiff's Complaint.

15. Defendant Engenium is without sufficient knowledge and information to form a belief as to the truth of the averments contained in paragraph 15 of Plaintiff's Complaint. Defendant Engenium therefore denies those averments.

16. Defendant Engenium denies the averments contained in paragraph 16 of Plaintiff's Complaint.

**DEMAND FOR JURY TRIAL**

17. To the extent that paragraph 17 of Plaintiff's Complaint requires a responsive pleading, Defendant Engenium denies that Plaintiff is entitled to a jury on all claims and issues.

**PLAINTIFF'S PRAYER FOR RELIEF**

Defendant Engenium denies that Plaintiff is entitled to any of the relief requested in Plaintiff's Prayer for Relief.

**OBJECTIONS, DEFENSES, AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

18. The following objections, defenses, and affirmative defenses to Plaintiff's Complaint are pled, in whole or in part, to provide notice to Plaintiff pursuant to Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure. Defendant Engenium reserves the right to make

appropriate motions pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The following objections and affirmative defenses should not be construed as improperly shifting the burden of proof to Defendant Engenium.

## IMPROPER VENUE

19.     The Eastern District of Texas is an improper venue for Plaintiff's Complaint under 28 U.S.C. §§ 1391(b) and 1400(b).

## FAILURE TO STATE A CLAIM

20.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## LACK OF STANDING

21.     Plaintiff does not have standing to assert the claims as set forth in Plaintiff's Complaint.

## LACK OF CAPACITY

22.     Plaintiff lacks the capacity to assert the claims as set forth in Plaintiff's Complaint.

## MISJOINDER

23.     Pursuant to Rule 20(a) of the Federal Rules of Civil Procedure, Defendant Engenium objects to the joinder of Defendants in this action because Plaintiff does not assert against all Defendants jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences.

## NON-INFRINGEMENT

24.     Defendant Engenium does not infringe and has never infringed, either directly or indirectly, any valid claim of the '760 patent.

## INVALIDITY

25. The claims of the '760 patent are invalid for failure to meet the conditions for patentability specified in 35 U.S.C. §§ 102 and 103, and for failure to comply with the requirements of 35 U.S.C. § 112.

## EQUIVALENTS BAR

26. Plaintiff is precluded from a finding of infringement under the doctrine of equivalents because of statements, representations, and admissions made, and/or actions taken during the prosecution of the applications that issued as the '760 patent.

## LACHES AND ESTOPPEL

27. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches and estoppel.

## PROSECUTION HISTORY ESTOPPEL

28. Plaintiff is estopped from enforcing the '760 patent as alleged because of statements, representations, and admissions made, and/or actions taken during the prosecution of the applications that issued as the '760 patent.

## FAILURE TO MARK — LIMITATION ON DAMAGES

29. Plaintiff is precluded from recovering any alleged damages for any patent infringement occurring prior to the filing date of its Complaint because Plaintiff has failed to plead, and cannot prove, compliance with the marking requirements of 35 U.S.C. § 287, which provides that in the event of such a failure to mark "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement [which includes the filing of an action for infringement] and continued to infringe

thereafter, in which event damages may be recovered only for infringement occurring after such notice."

## LACK OF CAUSATION

30. Plaintiff is precluded from recovering damages, in whole or in part, in connection with its Complaint because Plaintiff cannot prove the requisite causation.

## ATTORNEY FEES

31. Defendant Engenium asserts that this is an exceptional case such that Plaintiff should be required to pay Defendant Engenium's reasonable attorney fees in accordance with 35 U.S.C. § 285.

## JURY DEMAND

32. Defendant Engenium hereby demands a trial by jury of any and all issues triable of right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Defendant Engenium respectfully requests a judgment from this Court including the following:

    a. a finding in favor of Defendant Engenium as to each and every allegation and cause of action asserted against it in Plaintiff's Complaint;

    b. a finding in favor of Defendant Engenium as to each of their above-pleaded objections, defenses, affirmative defenses, and limitations on Plaintiff's recovery;

    c. a finding that this case is exceptional, and ordering Plaintiff to pay Defendant Engenium's reasonable attorney fees in accordance with 35 U.S.C. § 285;

    d. an order dismissing Plaintiff's Complaint; and

    e.  an order awarding Defendant Engenium costs and all such other and further relief as is available, at law or in equity, that this Court deems just, equitable, and proper under the circumstances.

## ENGENIUM CORPORATION'S COUNTERCLAIM
## AGAINST ADISCOV, L.L.C.

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Engenium files this Counterclaim against Adiscov, L.L.C. ("Adiscov")

### INTRODUCTION

1. By its counterclaim against Plaintiff/Counter-Defendant Adiscov, Defendant/Counter-Plaintiff Engenium seeks a declaratory judgment as to the noninfringement and invalidity of United States Patent No. 6,738,760 ("the '760 patent").

### PARTIES

2. Defendant/Counter-Plaintiff Engenium is a corporation organized and existing under the laws of the State of Texas. Its principal place of business is located at 14901 Quorum Drive, Suite 810, Dallas, Texas 75254.

3. Plaintiff/Counter-Defendant Adiscov asserts in its Complaint that it is a limited liability company organized under the laws of the Virginia, with its principal place of business at 412 East Columbia Street, Falls Church, Virginia 22046.

### JURISDICTION AND VENUE

4. The declaratory judgment counterclaim arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. Defendant/Counter-Plaintiff Engenium seeks a declaratory judgment, under 28 U.S.C. § 2201, regarding noninfringement and invalidity issues concerning the '760 patent, for which Plaintiff/Counter-Defendant asserts ownership. This Court has original and exclusive subject matter jurisdiction over these declaratory judgment claims under 28 U.S.C. §§ 1331 and 1338(a).

5. Plaintiff/Counter-Defendant Adiscov has consented to personal jurisdiction for counterclaims by filing its claim for patent infringement in this Court. Adiscov is further subject

to personal jurisdiction in this action because it has sufficient minimum contacts with the State of Texas to subject it to specific personal jurisdiction through forum contacts that are directly related to causes of action asserted by Engenium in this counterclaim.

6. Venue for the declaratory judgment counterclaim is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b) because Plaintiff/Counter-Defendant Adiscov is deemed to reside in this judicial district, and because a substantial part of the events or omissions giving rise to this counterclaim occurred in this judicial district.

## CLAIM FOR RELIEF

## COUNTERCLAIM COUNT I
## DECLARATORY JUDGMENT REGARDING THE '760 PATENT

7. Plaintiff/Counter-Defendant Adiscov asserts that it is the owner of the '760 patent. A copy of the '760 patent is attached to Plaintiff's Complaint.

8. An actual controversy exists between Defendant/Counter-Plaintiff Engenium and Plaintiff/Counter-Defendant Adiscov as to the noninfringement and invalidity of the '760 patent. Plaintiff/Counter-Defendant Adiscov has created a reasonable apprehension on the part of Engenium that it will continue to be subject to this ongoing infringement suit if it continues to sell its accused products.

9. Defendant/Counter-Plaintiff Engenium's accused products do not infringe any valid claims of the '760 patent. Engenium seeks a declaratory judgment that its products do not infringe any valid claim of the '760 patent.

10. The claims of the '760 patent are invalid for failure to meet the conditions for patentability specified in 35 U.S.C. §§ 102 and 103, and for failure to comply with the requirements of 35 U.S.C. § 112. Engenium seeks a declaratory judgment that all claims of the '760 patent are invalid.

11. Defendant/Counter-Plaintiff Engenium asserts that this is an exceptional case such that the Plaintiff/Counter-Defendant Adiscov should be required to pay Engenium's reasonable attorney fees in accordance with 35 U.S.C. § 285.

**PRAYER**

Defendant/Counter-Plaintiff Engenium requests a judgment from this Court including the following:

a. a finding that Engenium has not infringed any valid claim of the '760 patent;

b. a finding that all claims of the '760 patent are invalid;

c. a finding that this case is exceptional, and an order requiring Plaintiff/Counter-Defendant Adiscov to pay Engenium's reasonable attorney fees in accordance with 35 U.S.C. § 285; and

d. an order awarding Engenium all such other and further relief as is available, at law or in equity, that this Court deems just, equitable, and proper under the circumstances.

Dated this 17th day of October, 2007.

       /s/Gregory L. Maag, with permission
         by Thomas L. Warden
**Gregory L. Maag**, lead attorney
Texas State Bar No. 12748500
E-Mail: GMaag@conleyrose.com
**Thomas L. Warden**
Texas State Bar No. 24004174
E-Mail: TWarden@conleyrose.com
**Conley Rose, P.C.**
600 Travis Street, Suite 7100
Houston, Texas 77002-2912
Telephone: (713) 238-8000
Facsimile:  (713) 238-8008

**ATTORNEYS FOR DEFENDANT
ENGENIUM CORPORATION**

**::ODMA\PCDOCS\HOUSTON\206667\1**

## CERTIFICATE OF SERVICE

  I hereby certify that on this 17th day of October, 2007, I electronically filed the foregoing ***Defendant Engenium Corporation's Original Answer to Plaintiff Adiscov, L.L.C.'s Complaint, and Counterclaim Against Adiscov, L.L.C.*** with the Clerk of Court using the CM/ECF system, which will send notification of this filing to the following attorneys of record who are Filing Users of the Court's Electronic Filing System:

**Edward W. Goldstein**                egoldstein@gfpiplaw.com
**Corby R. Vowell**                  cvowell@gfpiplaw.com
**Goldstein, Faucett, & Prebeg L.L.P.**
1177 West Loop South, Suite 400
Houston, Texas 77027
Tel: (713) 877-1515
Fax: (713) 877-1737
**Attorneys for Plaintiff**
**Adiscov, L.L.C.**

**Jeffrey Derek Baxter**                jeff.baxter@bakerbotts.com
**Baker Botts L.L.P.**
2001 Ross Avenue
Dallas, Texas 75201
Tel: (214) 953–6791
Fax: (214) 953–4791
**Attorney for Defendant**
**Kroll Ontrack, Inc.**

**John F. Martin**                   jmartin@ghjhlaw.com
**Gruber Hurst Johansen & Hail LLP**
Fountain Place
1445 Ross Avenue, Suite 4800
Dallas, Texas 75202
Tel: (214) 855-6800
Fax: (214) 855-6808
**Attorney for Defendant**
**InterLegis, Inc.**

I hereby further certify that on this day I am serving the foregoing document, by e-mail pursuant to Local Rule CV-5(d), upon the following counsel who are not listed as attorneys of record on the PACER docket, or if listed may not be Filing Users of the Court's Electronic Filing System:

**Paul Ragusa**                                                                 paul.ragusa@bakerbotts.com
**Baker Botts L.L.P.**
30 Rockefeller Plaza
New York, New York 10112–4498
Tel:  (212) 408–2501
Fax: (212) 632–3800
**Attorney for Defendant**
**Kroll Ontrack, Inc.**

**Eric S. Tautfest**                                                             etautfest@ghjhlaw.com
**Gruber Hurst Johansen & Hail LLP**
Fountain Place
1445 Ross Avenue, Suite 4800
Dallas, Texas 75202
Tel:  (214) 855-6800
Fax: (214) 855-6808
**Attorney for Defendant**
**InterLegis, Inc.**

                                               /s/Thomas L. Warden
                                               Thomas L. Warden